IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas P. MORRISSY, Attorney at Law.

Supreme Court

*No. 91-0496-D. Submitted on briefs November 4,
1992.—Decided December 8, 1992.*

(Also reported in 492 N.W.2d 616.)

For the Board of Attorneys Professional Responsi-
bility there was a brief by *Thomas J. Basting, Sr.* and
*Brennan, Steil, Basting & MacDougall, S.C.,* Janesville.

For the respondent there was a brief by *Gerald P. Boyle,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; public reprimand imposed.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's conclusions of law that the conduct of Attorney Thomas P. Morrissy did not violate the Rules of Professional Conduct for Attorneys as charged in the Board's complaint and as argued by the Board in this proceeding. The referee did conclude, however, that Attorney Morrissy violated certain provisions of the attorney conduct rules but, because the theory on which the referee based that conclusion differed from the Board's asserted grounds, the referee found that Attorney Morrissy did not have notice and opportunity to defend the misconduct the referee discerned. Accordingly, the referee recommended that this proceeding be dismissed, believing it improper to recommend discipline on a theory of misconduct different from that charged and argued by the Board.

Contrary to the referee's conclusions concerning Attorney Morrissy's violations of the rules of attorney professional conduct as alleged in the Board's complaint, we conclude that Attorney Morrissy represented an estate and its personal representative when that representation might have been materially limited by his own interest in the matter, when he had no reason to believe the representation would not be adversely affected and did not have the personal representative's written consent to the representation after consultation, in violation of SCR 20:1.7(b).[1] In addition, Attorney Morrissy made a false statement of fact to the probate court concerning

---

[1] SCR 20:1.7 provides:

**Conflict of interest: general rule**

. . .

the nature of a payment to him from the estate and failed to inform the court of material facts that would have enabled it to make an informed decision concerning his conflicting interests in the estate and the propriety of an agreement he had reached with its principal beneficiary and personal representative, in violation of SCR 20:3.3(a)(1) and (d).[2]

In this appeal, the Board urged that the court impose a 60-day license suspension for Attorney Morrissy's professional misconduct. Under the circumstances in which that misconduct occurred, we determine that a public reprimand is appropriate discipline.

Attorney Morrissy was admitted to practice law in Wisconsin in 1974 and practices in Lake Geneva. He has not previously been the subject of an attorney disciplinary proceeding. The facts found by the referee in this proceeding, Attorney Cheryl Rosen Weston, are not disputed.

Upon admission to the Wisconsin bar in 1974, Thomas Morrissy, an only child, practiced briefly with his father, John Morrissy, in Elkhorn. The two became

---

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. . . .

[2] SCR 20:3.3 provides:

**Candor toward the tribunal**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal;

. . .

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

estranged when John Morrissy divorced Thomas Morrissy's mother and thereafter father and son had very little contact. Thomas Morrissy believed his father had been suffering from mental illness and alcoholism for some time and in 1985 asked the county social services department to initiate incompetency proceedings. After initially declining to do so, the department had a guardian appointed for John Morrissy in 1987.

Following the divorce, John Morrissy executed numerous wills, frequently sending copies of them to his former wife, who disclosed their contents to her son. Those wills provided a monetary bequest to the former spouse but explicitly excluded the son. In March, 1987, John Morrissy executed a will naming as his principal beneficiary a woman, Ms. Dortch, who had worked for him since August of 1986 as part-time legal secretary and who typed that will. Ms. Dortch is also the person named guardian of the person and estate of John Morrissy following the competency proceeding in the fall of 1987. While that competency proceeding was pending, a social worker told Thomas Morrissy of the existence of the 1987 will naming Ms. Dortch principal beneficiary, whereupon Thomas Morrissy told Ms. Dortch he intended to challenge that will if it ever were submitted for probate.

John Morrissy died in the fall of 1988. When Ms. Dortch telephoned Thomas Morrissy the following day to inform him of the death, he asked her to meet with him at his office the same day. At that meeting, Thomas Morrissy proposed to give Ms. Dortch $40,000 or ten percent of his father's estate, whichever was greater, if she would not contest the objection he intended to make to the 1987 will. Ms. Dortch initially agreed to the proposal but two days later said she would accept it only if the amount she was to receive were increased to

$200,000. Negotiations ensued and when Thomas Morrissy offered her $90,000, Ms. Dortch said she wished to consult with her attorney. Thomas Morrissy thereupon handed her a telephone and Ms. Dortch unsuccessfully attempted to contact her attorney, who was unavailable. Immediately thereafter, Thomas Morrissy offered Ms. Dortch $100,000 if the matter were promptly resolved, as he was scheduled to leave with his family on vacation the following day. Ms. Dortch accepted.

When he returned from vacation some 10 days later, Thomas Morrissy learned that an earlier will, executed and filed with the probate court in 1983, named several charities as principal beneficiaries; neither he nor Ms. Dortch was named beneficiary in it. At about the same time, the register in probate told Thomas Morrissy that during 1987 she had witnessed his father execute a will naming Thomas Morrissy principal beneficiary. No copy of that document was produced, nor did the register recall the date on which she witnessed it, that is, whether it pre-dated or post-dated the will naming Ms. Dortch principal beneficiary.

In light of the discovery of the 1983 will, which likely would be offered for probate in the event his intended challenge to the 1987 will were successful, Thomas Morrissy made a new proposal to Ms. Dortch: she would present the 1987 will for probate, Thomas Morrissy would not contest it, she would employ him as attorney for the estate and he would charge a legal fee equal to one-half the net probate estate. That proposal was accepted and implemented, with the result that Ms. Dortch and Thomas Morrissy each received approximately $292,000 from the estate.

When Attorney Morrissy listed a $292,000 attorney fee in the estate inheritance tax return, the Wisconsin Department of Revenue sought to disallow it as unrea-

sonable. Testimony disclosed that the fee did not produce a tax benefit to Thomas Morrissy, as he paid income tax on the $292,000, but it resulted in less tax revenue for Wisconsin and more for the federal government. After the Department of Revenue challenged his fee, Thomas Morrissy filed a petition with the probate court disclosing the arrangement for his attorney fee, including the fact that it represented a settlement of a potential will contest, whereupon the probate judge referred the matter to the Board of Attorneys Professional Responsibility.

In its complaint, the Board charged that Attorney Morrissy acted in the presence of a conflict of interest in his dealings with Ms. Dortch, in violation of SCR 20:1.7(b), entered into a business transaction with a client when his interest was adverse without fully disclosing the adverse interest, giving the client a reasonable opportunity to seek the advice of independent counsel and obtaining the client's written consent, in violation of SCR 20:1.8(a),[3] and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c),[4] by representing to the probate court

---

[3] SCR 20:1.8 provides:

**Conflict of interest: prohibited transactions**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[4] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

the amount of $292,000 as attorney fees in the estate. The Board subsequently amended its complaint to add a charge that Attorney Morrissy violated SCR 20:3.3 by making a false statement of fact (the $292,000 as his fee) to the court and by failing to disclose in the probate proceeding all the facts known to him (his interest in the matter by virtue of the agreement with Ms. Dortch) that were necessary for the court to make an informed decision.

The referee concluded that Thomas Morrissy's conduct did not violate those rules in those respects. Rejecting the Board's position that Attorney Morrissy violated the ethical rules in his dealings with Ms. Dortch, the referee concluded that in those dealings he was not acting as an attorney but as an individual claiming entitlement to a portion of a decedent's estate. The referee recognized that Attorney Morrissy's interests were directly adverse to Ms. Dortch's but noted that he had made no effort to conceal that fact: at no time did he indicate to her that he was protecting her interests; on the contrary, he explicitly was advocating his own. The referee also noted that Ms. Dortch, who had worked as an official reporter in the circuit court for Milwaukee county for nine years, never indicated during her testimony that she was unaware of the conflict between her interests and Attorney Morrissy's or that he ever attempted to deceive her in any way.

Further, the referee considered that Ms. Dortch chose to represent herself in her dealings with Attorney Morrissy, even after she tried unsuccessfully to contact her attorney at one point during negotiations with him. Consequently, because he was not acting as Ms. Dortch's

. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

64

attorney in those negotiations, the referee concluded that Attorney Morrissy's conduct did not constitute a conflict of interest proscribed by the Rules of Professional Conduct for Attorneys.

Regarding Attorney Morrissy's actions upon learning of the 1983 will naming the charitable beneficiaries, the referee noted the lack of evidence suggesting that Ms. Dortch was coerced in any way in reaching the ultimate agreement with Attorney Morrissy to share the estate assets. Further, the referee considered that Attorney Morrissy did not make that proposal as her attorney but in his personal capacity as a person interested in the estate.

Rejecting the Board's argument that Attorney Morrissy entered into a business transaction with a client in the presence of a conflict of interest without disclosing that conflict, giving the client an opportunity to consult with independent counsel and obtaining the client's written consent, the referee reemphasized that Ms. Dortch was not his client when they reached agreement but became his client when he undertook to represent her as personal representative of the estate in order to effectuate their agreement. Moreover, the referee noted, the terms of their agreement were in writing and Ms. Dortch had the opportunity to seek independent counsel. Thus, the referee concluded, as the conflict of interests had been disclosed and waived, there was no violation of the relevant attorney conduct rule.

The referee also rejected the Board's contention that Attorney Morrissy engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. The referee found no evidence of such misconduct as to Ms. Dortch but noted that Attorney Morrissy's submission for probate of the 1987 will, the validity of which he personally questioned, raised a different question on the

65

issue of dishonesty. The referee concluded there was no dishonesty in that regard on the basis that Attorney Morrissy sincerely believed the 1983 will naming the charitable beneficiaries, as well as the 1987 will, was invalid because of what he believed his father's mental condition to have been at the time that will was executed and on the basis of the fact that the probate register had told him she had witnessed the execution of a will in 1987 naming him as his father's principal beneficiary at a time when the register believed his father to have been of sound mind. The referee concluded that Attorney Morrissy did not violate any duty of candor to the court by failing to offer or even mention the existence of the 1983 will or by failing to disclose his own interest in the matter.

The referee also considered that Attorney Morrissy demonstrated no intent to deceive anyone by his actions—not Ms. Dortch, not the probate court and not the taxing authorities. The referee adverted to the candor he demonstrated to the court by the petition he filed explaining his attorney fee after the Department of Revenue challenged it and to the testimony establishing that he paid more taxes by claiming the $292,000 as income for legal services than he would have paid had he received that amount as heir.

Finally, the referee addressed the Board's charge that Attorney Morrissy made a false statement of fact to the probate court and, in an ex parte proceeding, failed to inform the court of all material facts known to him which would have enabled it to make an informed decision concerning the admission of the 1987 will to probate. The referee considered that rule to have been violated not, as the Board alleged and argued, by Attorney Morrissy's failing to advise the court of the existence of the 1983 will but by compromising his claim to a portion

of the estate with another claimant, Ms. Dortch, without giving notice to the probate court and obtaining court approval of that compromise.

The referee reached that conclusion on the basis of the statute that permits a court to authorize a personal representative to adjust by compromise any controversy among different claimants to an estate and authorizes compromises between legatees under a will and persons asserting claims under laws of intestate succession. The statute requires an application for court approval of a compromise by a verified petition setting forth the provisions of any compromise agreement and "all facts relating to the claims of the various parties to the controversy . . . and all facts which make it proper or necessary that the proposed compromise be approved by the court. . . . The court shall inquire into the circumstances and make such order or decree as justice requires." Section 879.59(6), Stats.

On the basis of that statute, which was not mentioned or argued by the Board in this proceeding, the referee concluded that the private compromise by the agreement between Attorney Morrissy and Ms. Dortch was not permitted; it was for the probate court to determine and approve the compromise. Accordingly, the referee concluded that Attorney Morrissy violated SCR 20:3.3 because he did not fully advise the court prior to effectuating that compromise agreement.

The referee distinguished the Board's argument that Attorney Morrissy engaged in misconduct by not advising the probate court of his self-interest in the estate he was probating from her determination that he failed to advise the court of the compromise of that self-interest with Ms. Dortch, as required by law. That distinction led the referee to conclude that it was not appropriate to recommend discipline for misconduct based on a theory

67

different from that advocated by the Board and prompted her to recommend dismissal of that count of the Board's complaint for lack of notice to Attorney Morrissy and opportunity to defend.

It is unnecessary that we address the propriety of the referee's declining to recommend discipline for a violation of an ethical rule based on a theory neither asserted nor argued by the Board in the course of this disciplinary proceeding, for we conclude that, when he undertook to represent his father's estate and its personal representative, Attorney Morrissy's professional obligations were likely to be materially limited by his personal interest in the estate and he could not reasonably have believed that his representation of the estate would not be adversely affected by that personal interest. Moreover, although the personal representative agreed in writing to his serving as attorney for the estate, there is nothing in the record to establish that her consent was obtained after meaningful "consultation" in which Attorney Morrissy discussed the duties of a personal representative, fees to which the personal representative might be entitled, the fees to which the attorney for the estate reasonably would be entitled and the effect of his claiming fees in the amount of one-half the net probate assets. Rather, he presented the agreement merely as a means to divide the estate equally between himself and Ms. Dortch. That his representation of the estate was "materially limited" by his personal interest in the agreement he had reached with Ms. Dortch is evidenced by the fact that Attorney Morrissy misrepresented his attorney fee in the estate's tax return.

We also conclude that Attorney Morrissy made a false statement of fact to the probate court, in violation of SCR 20:3.3(a)(1), by misrepresenting the nature of the $292,000 payment he was to receive from the estate.

He also violated SCR 20:3.3(d) by failing to disclose to the probate court the agreement he had reached with Ms. Dortch in order that the court might make an informed decision concerning the propriety of his fee.

We adopt the referee's findings of fact but we do not adopt her conclusions of law. We conclude that Attorney Morrissy engaged in professional misconduct in this matter, as set forth above. In light of the unusual circumstances presented—an attorney's representation of an estate who was an heir at law but was not a beneficiary of the decedent's will, a freely accepted agreement between the attorney and the estate's personal representative and principal beneficiary to share the estate assets and no demonstrable intent to cause harm or actual harm to the estate or to the personal representative—we determine that a public reprimand is appropriate discipline to impose as a sanction for Attorney Morrissy's professional misconduct.

IT IS ORDERED that Attorney Thomas P. Morrissy is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas P. Morrissy pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas P. Morrissy to practice law in Wisconsin shall be suspended until further order of the court.